UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVIN J. BLAIR,

                                          Plaintiff,

    v.                                                                   5:18-CV-363
                                                                                      (GLS/ATB)

ONONDAGA COUNTY, et al.,

                                          Defendants.

---

ANDREW T. BAXTER
United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the Court a civil rights complaint filed on March 26, 2018 by pro se plaintiff Kevin J. Blair. (Dkt. No. 1, Complaint ("Compl."). Plaintiff has paid the filing fee for this action. (Dkt. No. 1-1). Plaintiff also filed a motion for appointment of legal counsel on the same day that he filed the Complaint. (Dkt. No. 5). The court will conduct an initial review of the complaint, and address plaintiff's motion.

A complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Preacely v. City of New York*, 622 F. App'x 14, 15 (2d Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A case is "frivolous" when

either the factual contentions are "clearly baseless or when the claim is based upon "an indisputably meritless legal theory." *Id.* (quoting *Livingston v. Adirondack Beverage Co.*, 141 F. 3d 434, 437 (2d Cir. 1998)). A district court has inherent authority to dismiss a frivolous action sua sponte "even when the plaintiff has paid the required filing fee.'" *Id.* (quoting *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)). Finally, a federal court has a continuing and independent obligation to examine its subject matter jurisdiction sua sponte. *Robbins v. City of New York*, No. 17 Civ. 2229, 2017 WL 2274975, at *2 (E.D.N.Y. May 19, 2017) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). *See also Forde v. Hornblower New York, LLC*, 243 F. Supp. 3d 461 (S.D.N.Y. Mar. 20, 2017) (citations omitted).

On March 28, 2018, plaintiff filed a "Motion for Leave to File a Notice of Claim." (Dkt. No. 7). In that filing, plaintiff requested permission to file a late notice of claim against various defendants, and included a proposed notice that recites factual allegations that are consistent with the allegations in the Complaint. (*Id.*) Under New York law, a notice of claim is a mandatory condition precedent to bringing a tort claim against a municipality, and must be filed within ninety days of when the claim arises. *See* N.Y. CPLR § 9801; N.Y. Gen. Mun. Law §§ 50-e, 50-1. In federal court, state notice of claim laws apply to state law claims. *See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d. Cir. 1999). Because the Complaint only alleges

federal civil rights claims under § 1983, the state notice of claim requirement does not apply, and plaintiff's March 28, 2018 motion is denied as moot. *See Felder v. Casey*, 487 U.S. 131, 140 (1988) (notice of claim provisions do not apply to § 1983 actions). Therefore, this court will proceed to review the sufficiency of the Complaint.

I. **Complaint**

Plaintiff has brought this civil action against Onondaga County, several current and former members of the Onondaga County District Attorney's office, the Onondaga County Sheriff's Department, the Town of Clay, a Town of Clay Justice, and several private attorneys. Plaintiff alleges that his prosecution, conviction, and sentencing on charges stemming from false accusations of domestic violence violated his constitutional rights, and caused him significant financial and reputational harm. (Compl. ¶¶ 6-63). Rather than detailing all of the factual allegations at the outset, this court will discuss the relevant facts as necessary to address the various claims in plaintiff's Complaint.

II. **Judicial Immunity**

A. **Legal Standards**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of

3

consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

Injunctive relief against judges is also barred "unless a declaratory decree was violated or declaratory relief was unavailable." *Bobrowski v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (citing inter alia *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam)). Although fairness and injustice may result on occasion, a judicial officer must be free to act on his or her own convictions in exercising the authority vested in him or her, "without apprehension of personal consequences. . . ." *Id.* (citing inter alia *Mireles*, 502 U.S. at 10).

Whether an act by a judge is a "judicial one" relates to the "nature of the act itself" – whether it is a function that is necessarily performed by a judge. *Id.* (citing *Stump v. Sparkman*, 436 U.S. 349, 362 (1978)). The parties must have dealt with the judge in his or her "judicial capacity." *Id.* The court acts in "absence of all jurisdiction" when "it does not have any statutory or constitutional power to adjudicate the case." *Id.*

4

(citing *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009)).  The judge will not be deprived of absolute immunity if he or she takes action that is merely "in excess" of his or her authority.  *Id.* (citing *Mireles*, 502 U.S. at 12-13).

**B.    Application**

Plaintiff has named Town of Clay Justice Brian J. Lauri as a defendant.  The Complaint alleges that, after plaintiff was arrested and arraigned on a domestic violence charge on or about June 10, 2012, Justice Lauri issued an "unwarranted" order of protection barring contact with plaintiff's accuser. (Compl. ¶ 12).  Plaintiff states that this protective order had "unduly harsh and excessive repercussions on [plaintiff's] ability to work as a Police Officer and carry a weapon." (*Id*.)  Plaintiff further claims that Justice Lauri subsequently "allowed [plaintiff's] accuser to appear in his Court without [plaintiff's] or his attorney's knowledge," and refused to allow her to retract her accusation that plaintiff had struck her in the face. (Compl. ¶ 13-14, at CM/ECF p.6[1]).  Plaintiff also alleges that Justice Lauri altered the protection order without notice to plaintiff, and allowed other government officials to perjure themselves in order to maliciously prosecute plaintiff for violating that order. (Compl. ¶¶ 13-14, at CM/ECF p. 7; Compl. ¶¶ 17, 26-28).  Finally, plaintiff claims that Justice Lauri has unlawfully thwarted his attempts to obtain judicial transcripts and other record evidence that would support the allegations in his Complaint. (Compl. ¶¶ 54-59).

---

[1] The Complaint contains two paragraphs numbered 13 and 14, so this court has also cited to the electronic pagination assigned by the CM/ECF system.

Notwithstanding plaintiff's allegations that Justice Lauri made improper adverse rulings against him and abused his authority out of malice, the judge was still performing judicial functions when the alleged violations took place. As stated above, a judge does not lose his or her judicial immunity because he or she is accused of acting with malice or corrupt intent. Thus, plaintiff's complaint should be dismissed as against defendant Justice Lauri.

## III. Prosecutorial Immunity

### A. Legal Standards

Prosecutors are afforded absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). Absolute immunity has not been extended to situations in which the prosecutor gives legal advice to the police. *Burns v. Reed*, 500 U.S. 478, 492-93 (1991) (citations omitted). *See Brown v. Oneida County*, No. 6:15-CV-849, 2016 WL 4275727, at *10 (N.D.N.Y. Aug. 12, 2016) (denying absolute immunity when precise actions of the prosecutor were unknown). In these situations, the prosecutor would be entitled only to qualified immunity.

### B.     Application

Plaintiff names Onondaga County District Attorney William Fitzpatrick, Chief Assistant District Attorney Dominic Trunfio, and Assistant District Attorney Michael Whalen as defendants, and alleges that his prosecution for domestic violence charges and violation of protective orders was motivated by their desire to embarrass plaintiff's employer, the Syracuse Police Department. (Compl. ¶ 13). Plaintiff also names Assistant Attorney General Andrew J. Tarkowski as a defendant, but the allegations in the Complaint all relate to Tarkowski's actions as an Assistant District Attorney. (Compl. ¶ 19).

Plaintiff alleges that these defendants prosecuted him even though they knew that the charges against him were false, threatened plaintiff's accuser if she attempted to retract her abuse allegations, and intentionally withheld evidence from plaintiff and his

7

defense counsel. (Compl. ¶¶ 18-20, 22, 26-31, 36, 40-41, 46-47, 50). He further alleges that, after plaintiff was found not guilty of assault charges on or about July 2, 2013, these defendants conspired to successfully prosecute him for violation of various protective orders. (Compl. ¶ 29). This conviction, and its resulting sentence, prevented plaintiff from lawfully carrying a firearm and resulted in his termination from the Syracuse Police Department. (Compl. ¶ 41).

Because all of these claims relate to the prosecution of a criminal case, and other conduct "intimately associated with the judicial phase of the criminal process," all of these defendants are entitled to absolute immunity. *Brown v. Oneida County*, No. 6:15-CV-849, 2016 WL 4275727, at *10 (citations omitted). The fact that plaintiff alleges actions, such as falsification of testimony, which are not properly within the role of prosecutor is immaterial, because "[t]he immunity attaches to his function, not to the manner in which he performed it." *Barrett v. United States*, 798 F.2d 565, 573 (2d Cir. 1986). Therefore, plaintiff's complaint should be dismissed as against defendants Fitzpatrick, Trunfio, Whalen, and Tarkowski.

## IV. Private Actors

### A. Legal Standards

To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of*

8

*Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)).

Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

**B.    Application**

Plaintiffs has named two of his court-appointed defense attorneys, Robert S. Baska and M. Jerald Harrel, as defendants. (Compl. ¶¶ 42-45). He has also named

9

attorney Andrea M. Ferro, who represented plaintiff's accuser in a family court proceeding, as a defendant. (Compl. ¶ 38). Plaintiff contends that Attorney Ferro's cross-examination of him resulted in testimony that was used against him in a subsequent criminal proceeding. (*Id*.)

With respect to Attorneys Baska and Harrel, it is well-established that private attorneys do not act under color of state law even if they are court-appointed attorneys, performing their traditional function as counsel. *See Harmon v. New York County Dist. Attorney's Office*, No. 13 Civ. 1711, 2014 WL 1044310, at *9 (S.D.N.Y. March 17, 2014) (citing inter alia *Brown v. Legal Aid Soc'y*, 367 F. App'x 215, 216 (2d Cir. 2010); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)). *See also Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (private attorneys, even if they are court-appointed, and/or associated with a Legal Aid organization, do not act under color of state law when representing their clients). Attorney Ferro, who represented an adverse party in a family court proceeding, is clearly a private party who was not acting under color of state law for purposes of section 1983.

Although plaintiffs alleges that these three defendants either conspired with or were intimidated by the District Attorney's office, plaintiff states no facts to support these conclusions. (Compl. ¶¶ 38, 42, 45). Conclusory allegations of conspiracy are insufficient to state a claim under the civil rights laws. *See Brown*, 367 F. App'x at 216 (color of state law may be established if the individual conspired with a state actor,

however, conclusory allegations of conspiracy are insufficient). Thus, the complaint should be dismissed in its entirety as against defendants Baska, Harrel, and Ferro.

## V. **Municipal Defendants**

### A. **Legal Standards**

In *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing, *inter alia, Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 35 (2010)), (Rep't.-Rec.), adopted in relevant part, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id*.; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or

11

tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y.2002) (dismissing claim against the police department); *Umhey v. County of Orange*, 957 F. Supp. 525, 530–31 (S.D.N.Y. 1997) (dismissing case against the County Board of Ethics). Therefore, claims asserted under 42 U.S.C. § 1983 will be dismissed against an administrative department or sub-division of a municipality or county. *Id. See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action).

### B.     Application

Plaintiff has named Onondaga County, the Onondaga County Sheriff's Department, and the Town of Clay as defendants. Plaintiff alleges that the Sheriff's Department arrested him on false charges and improperly relied upon false or erroneous witness statements. (Compl. ¶¶ 6, 9, 15-17, 24-25, 28, 33). The Sheriff's Department, as an administrative arm of the County, is not a proper defendant. Moreover, plaintiff

makes no allegations in the complaint that could be interpreted as alleging municipal liability for either the County or Town defendants under *Monell,* even under the liberal construction with which pro se complaints are treated. Therefore, the complaint should be dismissed in its entirety as to these three municipal defendants.

### VI. Challenge to State Court Conviction

#### A. Legal Standards

A civil lawsuit may not be used to collaterally attack a criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

#### B. Application

In his Complaint, plaintiff states that he was found not guilty of assault in July 2013, but was later convicted of violating an Order of Protection in March 2015. (Compl. ¶¶ 29, 41). His monetary damages claim is based in part on the impact that conviction had on his employment and pension rights. (Compl. ¶ 62). Therefore, in order to obtain at least some of the relief requested, plaintiff would need to successfully challenge the validity of his conviction.

The appropriate avenue for such relief is a federal habeas petition under 28 U.S.C. § 2254, after exhaustion of state court remedies. In his Complaint, plaintiff has not stated that his conviction has been reversed. Although he references a criminal appeal, it is unclear if it has been decided. Thus, plaintiff's claims related to his conviction for violation of an order of protection would be barred by *Heck* unless and until his conviction is reversed on appeal or called into question in a habeas corpus proceeding.[2]

## VII. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

Because all of plaintiff's claims are barred for the reasons set forth above, no amendment will cure the deficiencies in his Complaint. Therefore, it would be futile to allow him an opportunity to amend. Thus, this court recommends that no amendment

---

[2] This court makes no finding with regard to the status of plaintiff's state court remedies or the availability of federal habeas relief.

be allowed, and that all of plaintiff's claims be dismissed with prejudice.[3]

## VIII. Motion for Appointment of Counsel

### A. Legal Standards

Title 28 U.S.C. section 1915, the section governing in forma pauperis ("IFP") civil proceedings, provides that a court **may** request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). In order to determine whether an individual is unable to afford counsel, that individual must complete a form requesting IFP status from the court. The form requests the applicant to state information about his or her income and expenses so the court may determine whether the litigant is financially eligible for IFP status and the appointment of counsel.

Unlike criminal defendants, IFP plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *Wali v. One Source Co.*, No. 07-7550, 2009 WL 3170110, at *1 (S.D.N.Y. Sept. 30, 2009) (citation omitted). "Appointment" of counsel in a civil action involves the court requesting an attorney to represent an IFP party pro bono under 28 U.S.C. § 1915(a)(1). *Id.* In determining whether to make such a request for the indigent party, courts do not utilize a bright-line test. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of

---

[3] In addition to the substantive infirmities identified herein, plaintiff did not sign the Complaint that was filed with the court on March 26, 2018. (Compl. at CM/ECF p. 23). Pursuant to F.R.C.P. 11(a), the court must strike any unsigned paper unless the omission is promptly corrected after being called to the party's attention. On March 28, 2018, plaintiff filed a signed version of the last page of his Complaint (Dkt. No. 6). Therefore, this oversight did not influence this court's recommendation of dismissal.

factors must be carefully considered.

As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

**B.    Application**

Plaintiff filed a motion for appointment of counsel on March 26, 2018, the same day that he filed the Complaint. He has not filed an IFP application, so the court cannot determine whether he is financially eligible for IFP status and appointment of counsel. Thus, plaintiff's motion can be denied on that basis alone. Even if plaintiff was eligible for IFP status, this court would still deny his motion for appointment of counsel at this stage of the proceeding, in light of the deficiencies in his Complaint and my resulting recommendation of dismissal with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiffs' complaint (Dkt. No. 1) be **DISMISSED** in

its entirety **WITH PREJUDICE**; and it is further

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 5) is **DENIED**, and it is

**ORDERED**, that plaintiff's motion for leave to file a Notice of Claim (Dkt. No. 7) is **DENIED** as moot, and it is

**ORDERED**, that the Rule 16 Initial Conference scheduled for June 25, 2018 (Dkt. No. 3) is cancelled, and it is

**ORDERED**, that the Clerk serve a copy of this order on plaintiff via regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 29, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge